REDMANN, Chief Judge,
dissenting in part.
The question of what fees should be paid to the attorney for a succession can only be finally decided upon the final accounting, La.C.C.P. 3337, and, by analogy from the rule for succession representatives, the attorney’s fees should only be due upon ho-mologation of the final account, C.C.P. 3351, although the court might allow “an advance upon his compensation at any time during the administration.”
We should refuse, as unavailable under the Code of Civil Procedure, any final determination of partial fees, and limit review of any interim advance to excessiveness or inadequacy within a broad range of discretion. In my view the trial judge erred in attempting to fix the amount owed on the basis of work done up to a given time. The trial judge’s question should have been whether $10,000, as proposed by the executor, was inadequate as an advance.
The attorney’s showing of the number of hours he has spent relating to this succession is impressive. But he has apparently been far too accomodating with his time to the heirs (whose lawyer he is not, and whose lawyer’s fees are not owed by the succession) and perhaps others. And the executor also questions the reasonableness of the number of hours spent on research on collation, and that question merits discussion because a lawyer could, surely, spend an unreasonable time on one or more matters and, if so, should not be paid for time he unreasonably spent. Ultimately, too, notwithstanding the reasonableness of the hourly charge, the total fee overall must be reasonable, with all the standard factors considered. The question whether time was reasonably spent on other matters such as the federal estate tax questions should be largely determinative on those points, however, and not whether the executor agreed with or followed or even sought the advice of the attorney appointed by the testator. If the succession or the executor reasonably requires legal advice or action, the attorney appointed by the testator ought to provide it and be paid for it.
I believe, to repeat, that the trial judge erred in fixing fees on a partial basis. Without fixing fees or evaluating the attorney’s services thus far, I would agree that the executor’s original proposed advance of $10,000 and his later suggestion (of a partial fee) of $13,700 are too low even as an advance. I would therefore in part reverse the trial judge’s raising of the amount to $30,925, and would award instead $20,000 as an advance against attorney’s fees to be finally fixed upon final tableau of distribution and accounting.